# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN J. BANK,

    Plaintiff,

vs.

NEVADA DPS, *et al.*,

    Defendants.

Case No. 2:16-cv-01255-JAD-GWF

**ORDER AND REPORT AND RECOMMENDATION**

Application to Proceed *in Forma Pauperis* (# 1) and Screening of Complaint (#1-1)

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on June 6, 2016. Also before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 6), filed on October 17, 2016.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff asserts that his First Amendment right to petition has been violated because defendants are not allowing Plaintiff to bring suit in state court to quiet title to certain real property because he is a squatter. Plaintiff claims that he obtained a possessory interest in the property through adverse possession and now seeks to quiet title to that property in state court. Plaintiff also represents that there is a man by the name of Frankie, a leader of a narcotics ring, who has taken over the residence and continually threatens Plaintiff's life. Plaintiff now requests damages as well as injunctive relief against the defendants.

## DISCUSSION

**I.    Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to

28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d

719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

### III. Instant Complaint

Plaintiff brings his complaint under the auspices of § 1983 and alleges a single claim— a violation of his First Amendment right to petition the court. Plaintiff complaint lists the following as defendants: Nevada DPS, Parole and Probation, Sergeant Sweet, the Honorable Michelle Leavitt, the Honorable David Barker and Governor Brian Sandoval.[1]

### A. Plaintiff's § 1983 Claims Against Judges Michelle Leavitt and David Barker

The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *See, e.g.*, *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982); *see also Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (stating that "[j]udges . . . are absolutely immune from damage liability for acts performed in their official capacities"); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from civil liability for acts done by them within their judicial jurisdiction."). "Courts have extended

---

[1] Plaintiff's complaint also discusses an individual named "Frankie" and seeks an order from the Court ordering "'Frankie' and his cohort to return to the plat." *Complaint* (ECF No. 1-1), pg. 14. Frankie was not named as a defendant in this case and as such, the Court declines to address Plaintiff's request relating to him.

3

absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1986). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman*, 793 F.2d at 1075; *Miller*, 521 F.3d at 1145; *Partington v. Gedan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992). Immunity does not extend, however, to actions for prospective injunctive relief. *Ashelman*, 793 F.2d at 1075 (citing *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967)); *Partington v. Gedan*, 961 F.2d 852, 860 n. 8 (9th Cir.1992).

      Here, Plaintiff has sued state court Judges Michelle Leavitt and David Barker for conduct undertaken in their official judicial capacities. He initially requests monetary damages from both defendants for "constructively denying to BANK his right to remain in possession, thereby constructively defeating his lawsuit to QUIET TITLE" and punitive damages to redress the injustices described in his complaint. *Complaint* (ECF No. 1-1), pg. 14. Because the facts in Plaintiff's complaint demonstrate that both defendants Leavitt and Barker were acting in the course and scope of their employment as judicial officers, they are absolutely immune from Plaintiff's claims for monetary damages.

      In addition, Plaintiff's complaint requests injunctive relief against only Judge Barker. Plaintiff specifically requests an order from the Court compelling defendant Barker to grant Plaintiff's *in forma pauperis* ("IFP") applications that are currently pending in state court. The Court declines to grant Plaintiff's request based on the *Younger* abstention doctrine. Under the *Younger* doctrine, federal courts must refrain from interfering with ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 43–55 (1971). Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff with an adequate opportunity to litigate his or her federal claims. *See Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 712 (9th Cir.1995). These factors are present here. Plaintiff's state court cases are ongoing because the IFP applications remain pending, the state has an important interest in safeguarding the fiscal integrity of its public assistance program, and assuming Plaintiff's IFP applications are granted, the Court may presume

that Plaintiff will have an adequate opportunity to raise his federal claims in state court. *See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986). The Court will therefore recommend dismissal of Plaintiff's claim against defendant Barker because it is barred by the *Younger* doctrine.

### B. Plaintiff's Claim Against the Remaining Defendants

Plaintiff's scattered complaint contains only one claim, that his First Amendment right to petition in state court was violated because his IFP applications have not yet been granted. However, Plaintiff spent most of his complaint rambling about how a man named Frankie wrongfully took possession of the property Plaintiff claims a possessory interest in through adverse possession; how Frankie (and his cohorts) have injured or threatened to injure Plaintiff if he comes to the property; and how police officers have not done anything about it. Nowhere in Plaintiff's complaint does he address how defendants Nevada DPS, Parole and Probation, Sergeant Sweet or Brian Sandoval have violated his First Amendment right to petition the court. Therefore, the Court will dismiss Plaintiff's complaint as to these defendants without prejudice with leave to amend his complaint in an effort to demonstrate a claim for relief against the remaining defendants.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

. . .

## IV. Plaintiff's Motion for Preliminary Injunction

Preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that "a court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24 (internal quotation marks omitted).

Plaintiff's motion for preliminary injunction seeks an order from the Court prohibiting defendants Michelle Leavitt and Sergeant Sweet from preventing Plaintiff from visiting the subject real property that he asserts a possessory interest over. Because the Court recommends dismissal of Plaintiff's complaint against defendant Leavitt with prejudice and orders Plaintiff's complaint be dismissed against defendant Sweet with leave to amend, it finds that Plaintiff is not likely to succeed on the merits at this time. Therefore, the Court will recommend that Plaintiff's motion for preliminary injunction be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice with leave to amend. Plaintiff shall have until **May 22, 2017** to file an amended complaint

correcting the noted deficiencies.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claim against defendants Michelle Leavitt and David Barker for damages be dismissed with prejudice for failure to state a claim upon which relief may be granted and that his claim for injunctive relief against defendant Barker be dismissed pursuant to abstention under the *Younger* doctrine.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 6) be **denied** without prejudice.

DATED this 24th day of April, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge