UNITED STATES DISTRICT COURT

                          DISTRICT OF NEVADA

| | |
|---|---|
| Steven J. Bank,<br><br>    Plaintiff<br><br>v.<br><br>Nevada DPS et al.,<br><br>    Defendants | Case No.: 2:16-cv-01255-JAD-GWF<br><br>**Order Adopting Report and Recommendation, Denying Motion for Preliminary Injunction, and Dismissing Case**<br><br>**[ECF Nos. 6, 7]** |

Steven Bank brings this civil-rights action, alleging that the defendants—who include law enforcement officers, Eighth Judicial District Court Judges, and Nevada's Governor—violated his First Amendment right to petition the court by precluding him from obtaining pauper status to sue to quiet title to the property he's squatting in.[1] Bank also moves for a preliminary injunction.[2] Magistrate Judge George Foley granted Bank's request for pauper status in this action, recommends that Bank's claims against the judges for damages be dismissed with prejudice, that his claim for injunctive relief against Judge Barker be dismissed based on *Younger* abstention, and that his motion for preliminary injunction be denied. He also dismissed all remaining claims without prejudice and with leave to amend. Bank's amended complaint was due May 22, 2017, and Judge Foley's R&R warned that if he failed to file an amended complaint and cure the deficiencies in his claim, "the Court will recommend that the complaint be dismissed with prejudice."[3] His objections to the report and recommendation were due by May 14, 2014.

---

[1] ECF No. 1.

[2] ECF No. 6.

[3] ECF No. 7 at 5.

Page 1 of 4

Bank filed no objections and no amended complaint.[4]  "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[5]  I adopt the magistrate judge's report and recommendation, dismiss this case with prejudice, and deny the motion for preliminary injunction as moot.

**Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[6]  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[7]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[8]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal.  It appears that Bank has

---

[4] The court's docket reflects that the Order and R&R (ECF No. 7) was mailed to Bank on 4/25/17 but returned as undeliverable. The document was resent to the address noted on Bank's motion for preliminary injunction (ECF No. 6), but that mailing was also returned as undeliverable. *See* ECF Nos. 8, 9.

[5] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[6] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[7] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[8] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

abandoned this case and has failed to comply with his obligation as a litigant to keep the court apprised of his mailing address. This conduct makes it difficult for this court to expeditiously resolve this case in any other manner and effectively manage its docket.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[9] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[10] Bank was clearly warned that his failure to file a timely amended complaint could result in the dismissal of this case with prejudice.[11] Local Rule IA 3-1 also imposes a clear obligation on pro se parties to "immediately file with the court written notification of any change of mailing address" with the caveat that "[f]ailure to comply with this rule may result in the dismissal of the action . . . or other sanctions . . . ."[12] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal here. And because I am dismissing this action with prejudice, leaving no claim remaining, I accept Judge Foley's recommendation in this regard, too, and deny the motion for preliminary injunction.

**Conclusion**

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Judge Foley's report and recommendation **[ECF No. 7] is ACCEPTED and ADOPTED; this case is DISMISSED with prejudice**; and Bank's motion for a preliminary injunction **[ECF No. 6] is DENIED.** The Clerk of Court is directed to enter judgment

. . .

---

[9] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[10] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[11] ECF No. 7 at 5.

[12] L.R. IA 3-1.

accordingly and **CLOSE THIS CASE**.

DATED June 1, 2017

_____
Jennifer A. Dorsey
United States District Judge